Chief Judge KOZINSKI,
concurring:
Like Judge Reinhardt, I’m troubled by the Supreme Court’s treatment of Williams’s Sixth Amendment claim. Our confidence in the correctness of a guilty verdict in a criminal case rests in large part on the fact that 12 individuals, fairly chosen, unanimously agree that the defendant is guilty. In Williams’s case, there was a significant departure from this objective process. As documented by the trial transcript, the Superior Court appears to have removed a juror because he was holding out for acquittal.
As several Justices noted at oral argument in the Supreme Court, such conduct by a trial judge is troubling. It cuts at the heart of our adversary system and casts doubt on the resulting verdict. If the trial judge may, during the course of deliberations, delve into the thought process of the jurors and remove those he disagrees with, our confidence in a unanimous verdict is necessarily diminished.
It’s not clear to me that the trial judge’s actions here complied with clearly established Supreme Court precedent, but I’m not sure, as we’ve never ruled on the issue. It’s thus surprising that the Supreme Court should have done so, particularly when it declined to have the question briefed, and its opinion contains no analysis supporting its conclusion. But, I have no doubt that that’s precisely what the Court did in its opinion, Johnson v. Williams, — U.S. -, 133 S.Ct. 1088, 1091-92, 185 L.Ed.2d 105 (2013), and it stood by that holding when it denied the petition for rehearing.
I hope I’m wrong, but can see no other way to read the Court’s actions. Deference to the judicial hierarchy leaves room for no other course of action on our part. But I take comfort in knowing that, if we are wrong, we can be summarily reversed.